CHARLES J. SCHUCK, JUDGE,
dissenting.
While there are marked and distinct contradictions in the testimony submitted in this case, yet, in my judgment, the evidence submitted on the part of the claimant preponderates in his favor, and creates a presumption that those in charge of the rebuilding of the bridge in question did not use the necessary care to avoid an accident to a traveler on the highway at the time that the old bridge had been removed and that the highway was left open without proper precautions to the traveling public.
A number of witnesses testified both for the claimant and the respondent and, giving weight to the nature of the tesiti- *227 mony offered, I am driven to the conclusion as indicated, that the witnesses who testified for the claimant, especially those whose depositions were taken at Beckley, were strong in their statements that the proper precautions had not been taken by the road crew in charge of the reconstruction of the bridge. Several of these witnesses passed the point of the accident as late as nine o’clock on Saturday night, the night before the accident, and seemingly were so confused by the situation that was presented, that they stopped their cars, got out to make an examination of the road before proceeding, and found that no warning lights were burning at that time. This was a highly dangerous situation that confronted the traveling public, and extraordinary precautions ought to have been taken to avoid accidents that might result either in death or serious injuries to a traveler.
An examination of the testimony given by the witness, Eller, who was the bridge foreman in charge of the reconstruction of the bridge at the time, shows without contradiction that the crew working on the reconstruction left the bridge at six-thirty o'clock on Friday evening previous to the accident and that he was the last one there and left at the time indicated; that no member of the crew, including himself, visited the scene of this work at any time on Saturday, and that his first appearance was made at the place in question at nine o’clock on Sunday morning, some time after the accident to the claimants had occurred. Assuming that the proper barricades were constructed at the time, although there is some question in this respect, the fact remains as shown by his testimony that only two lights or flares, one on each side of the opening caused by the removal of the bridge, were placed and that it was intended that these lights or flares should be notice to the traveling public during all day Saturday, Saturday night, Sunday, and Sunday night, before the crew would return to continue the work of the reconstruction of the bridge on Monday morning. This fact, in my opinion, does not show the necessary precautionary measures to safeguard the interest of the traveling public on the highway being repaired. The highway involved is *228 one of the main arteries in that section of the state; traffic is heavy on it; it was and is much traveled; yet in view of these facts there was to be no inspection on Saturday evening by the road crew, or any member of it, to ascertain whether or not the flares were still burning and whether or not the barricades were still in place, as they had been left the day before. The road crew did not work on Saturday.
The witness Eller says that a new supervisor was to take charge on Monday morning and that it was his, Eller’s duty, (record page 88) to simply place the flares on Friday evening and pay no further attention to them. The new supervisor so far as the record reveals neither made an inspection nor had anyone else do it on Saturday or Saturday night to ascertain whether or not the lights and the flares in question were still in place and properly burning as warnings to travelers; this, of itself, was negligence, in my judgment. I am of the opinion also, that flares cannot be expected to remain lit for 40 to 48 hours, at least it would seem reasonable riot to take chances in this regard, and that an examination should be made at least within 24 hours where a highly traveled road is left open as this highway was, and where the likelihood of a serious accident is so imminent. I repeat that, in my judgment, the testimony preponderates in favor of the claimant that the proper precautions were not taken to warn the traveling public of the condition that existed at the place of the accident, and to indicate that the bridge had been removed; that the necessary steps to see that these barricades and flares were still in their proper places on Saturday had not been taken, and that at the time of the accident, through no fault of claimants, there were no warning signals sufficient to inform him of the dangerous situation that was ahead of him on the highway in question. Under these conditions, I would favor an award.